UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No.: 3:06-cv-00127-MMH

THOMAS JAMES MOORE,

    Petitioner,

vs.

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS

    Respondent.
_____/

**MOTION FOR EXTENSION OF TIME TO FILE REPLY
TO RESPONDENT'S ANSWER TO AMENDED PETITION**

COMES NOW Petitioner, **THOMAS JAMES MOORE**, by and through undersigned counsel, and files this Motion for Extension of Time to File Reply to Respondent's Answer to Amended Petition. In support of this motion, he states follows:

1. Respondents filed a Motion to Proceed (Doc. 39) on September 11, 2018.

2. Mr. Moore filed a Response. *See* Response to Motion to Proceed and Request for Thirty Days to Submit Reply to Respondent's Answer to Amended Petition (Doc. 40).

3. On October 19, this Court entered an Order (Doc. 41) directing that Mr. Moore file his reply to Respondents' Answer to his Amended Petition (Doc. 26) no later than December 14, 2018.

4. On November 15, Governor Scott rescheduled the execution of Jose Jimenez for December 13. Undersigned counsel is Mr. Jimenez's state court

1

registry counsel and his federal CJA counsel. Mr. Jimenez's execution was thus set for the day before Mr. Moore's reply is due in this case.

5. With the exigencies of a pending execution, counsel has been obligated to prioritize Mr. Jimenez's case. The Florida Supreme Court has long expected an attorney to focus his or her time and attention on a client with an active death warrant and seek extensions as necessary in other cases. Since counsel was informed on November 15 that Mr. Jimenez's execution was rescheduled for December 13, he has had to devote his time to fulfilling his obligations and duties as Mr. Jimenez collateral counsel.

6. On November 22, undersigned counsel filed a reply in Mr. Jimenez's then-pending petition for certiorari with the U.S. Supreme Court, regarding the Florida Supreme Court's June 28, 2018 denial of relief on a claim related to Fiore v. White. *See* U.S. Supreme Court case No. 18-6115. On December 3, the U.S. Supreme Court denied the petition.

7. On November 28, undersigned counsel filed a 49-page all writs petition in the Florida Supreme Court, challenging that court's order of November 22, restricting Mr. Jimenez's right to file pleadings in the trial court. The Florida Supreme Court ordered the state to file a response by December 5, which it did, and undersigned counsel filed a reply on December 7.

8. On December 3, undersigned counsel filed a 51-page habeas petition in the Florida Supreme Court, based upon an equal protection and due process argument related to the passage of Amendment 11 to the Florida Constitution in the November election. *See* Florida Supreme Court case no.

SC18-1999. The Florida Supreme Court issued on order on December 3 directing the State to file a response to the habeas petition by 5:00 p.m. on Friday, December 7, 2018. Petitioner may file a reply by 5:00 p.m. on Monday, December 10, 2018.

9. On December 6, undersigned counsel filed a 40-page petition for a writ of certiorari in the U.S. Supreme Court regarding the Florida Supreme Court's decision on October 4, denying relief on his Brady/Giglio claims and his claim regarding the constitutionality of Florida's lethal injection protocol.

10. Counsel is preparing a federal habeas petition to be filed as soon as possible in federal district court on behalf of Mr. Jimenez, even though one of his claims is currently unexhausted. He anticipates that he may have to be ready to file an appeal with the Eleventh Circuit. He also anticipates that he may have to be ready to file another petition for writ of certiorari in the United States Supreme Court. There are a number of potential pleadings that may have to be prepared and filed before 6:00 p.m., December 13, the time set for Mr. Jimenez's execution.

11. Given the intensity of the litigation surrounding the pending warrant and an execution date of December 13, undersigned counsel seeks a 45-day extension for the reply brief currently due on December 14 in this case.

12. Ms. Pacheco, counsel for the Respondent, was contacted regarding this request for extension, and she stated that on behalf of the Respondent that she "wholeheartedly objects" to this 45-day extension. It should be noted that Ms. Pacheco is an Assistant Attorney General who on November 15

3

was aware of the December 14 date that this Court set for Mr. Moore's counsel to file his reply. Yet, it was her boss, the Florida Attorney General, who advised the Governor on November 15 that Mr. Jimenez's execution should be rescheduled, knowing that Mr. Moore's counsel was also Mr. Jimenez's counsel. Governor Scott's letter rescheduling Mr. Jimenez's execution for December 13 was filed with the Florida Supreme Court on November 15. *See* Florida Supreme Court case no. 60-85014. That letter indicated that the rescheduled execution was pursuant to Florida Attorney General Pam Bondi's certification date November 15 which advised the Governor that the stay of Mr. Jimenez's execution had been lifted by the Florida Supreme Court. The Governor indicated the certification then required him within ten days to reschedule Mr. Jimenez's execution. Of course, the Florida Supreme Court had lifted the stay on October 4, fifteen days prior to October 19, the day this Court entered its order scheduling the date of Mr. Moore's reply. The reason that counsel has to ask for this extension of time is due to the decision the Florida Attorney General made to notify the Governor on November 15 that Mr. Jimenez's stay of execution had been lifted on October 4. No one consulted with undersigned counsel or gave him an opportunity to object to the new execution date in light counsel's obligation to prepare and file a reply on behalf of Mr. Moore on or before December 14.

13. Because of the compelling and reasonable basis for requesting this extension as set forth herein, the Respondent's opposition here is not well

      taken, particularly given that the Florida Attorney General by her actions created the conflicting demands on undersigned counsel. Accordingly, Mr. Moore requests that this Court to grant the relief requested, and extend the current deadline to file his reply.

14. Undersigned counsel certifies that this extension is sought in good faith and not for purposes of delay.

## Memorandum of Law

Pursuant to Fed. R. Civ. P. 6(b), this Court may, for good cause, extend the time required for an act to be done, if the request is made before the original time expires. Mr. Moore has filed this motion for extension prior to the expiration of deadline established by this Court's order of October 19. The undersigned attorney asserts that this motion for extension is in good faith and not for purposes of delay, and that good cause exists for the requested extension.

**WHEREFORE**, Mr. Moore requests that this Court grant his motion extending the current deadline to reply Respondents' Answer to his Amended Petition (Doc. 26) by 45 days, which would make the new deadline to be January 29, 2018.

Dated December 9, 2018.

                                        Respectfully submitted,

                                        /s/ Martin McClain
                                       MARTIN J. MCCLAIN
                                       Florida Bar No. 0754773
                                       McClain & McDermott, P.A.
                                       Attorneys at Law
                                       141 NE 30th Street
                                       Wilton Manors, FL 33334
                                       305)984-8344
                                       martymcclain@comcast.net
                                       Counsel for Mr. Moore

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of December, 2018, I electronically filed the foregoing motion with the Court's electronic filing system which will send a notice of electronic filing to opposing counsel of record.

/s/ Martin McClain
MARTIN J. MCCLAIN