UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THOMAS JAMES MOORE,

    Petitioner,

v.                             CASE NO. 3:06-CV-00127-MMH
                                DEATH PENALTY CASE

SECRETARY, DEPARTMENT
OF CORRECTIONS, ET AL.,

    Respondents.
_____/

**OBJECTION TO PETITIONER'S MOTION CONCERNING**
**RESPONDENTS' EXHIBITS AND MOTION TO ENFORCE COURT ORDERS**
**REGARDING THE DEADLINE FOR THE FILING OF PETITIONER'S REPLY**

    COME NOW the Respondents, Secretary, Department of Corrections, et. al., by and through the undersigned counsel, and file this objection to Petitioner's motion filed March 21, 2019 (Doc. 50), as well as a motion to enforce deadlines outlined in this Court's orders entered October 19, 2018 (Doc. 41), February 5, 2019 (Doc. 45), and March 5, 2019. (Doc. 47), and as grounds therefor, Respondents hereby state the following:

    1.   Petitioner's petition for writ of habeas corpus was filed February 10, 2006, and his amended petition for writ of habeas corpus was filed September 17, 2014. (Doc. 15).

2. Respondents filed the answer to petition for writ of habeas corpus on February 24, 2016. (Doc. 26). The notice of filing exhibits and the master index to exhibits was also filed that day. (Doc. 27).

3. On July 22, 2016, Petitioner filed a motion to compel service of exhibits. (Doc. 28). In that motion, Petitioner claimed that "the notice and master index do not reflect that Respondents included all of pleadings filed by Mr. Moore in the state courts, including replies, motions for rehearing, and exhibits filed in support of Mr. Moore's pleadings. There is no explanation as to why these pleadings and exhibits were omitted." (Doc. 28, pg. 3). Petitioner noted that this is problematic given that Respondents "**falsely** alleges that Mr. Moore allowed his one year clock to expire because his state court postconviction challenges were not properly filed and thus did not toll the federal one year clock." (Doc. 28, pg. 3).

4. Petitioner asserted that "Mr. Moore's counsel must be provided the documents identified in the master index in order to determine whether the master index was accurate, what was actually submitted to this Court, and

2

what is missing and needs to be submitted to this Court in order for the record to be complete." (Doc. 28, pg. 3-4).

5. Respondent notes that this argument was made by Petitioner in July of 2016. (Doc. 28).

6. On July 22, 2016, Respondents filed a response to petitioner's motion to compel service of exhibits highlighting that respondents complied with the applicable rules relating to providing exhibits, and petitioner's motion fails to identify which pleadings are allegedly missing from the master index nor does he suggest that he does not have any of the documents alleged to be missing. (Doc. 30).

7. This Court granted the motion to compel, requiring Respondents to provide the appendix to Petitioner. (Doc. 33). The order also advises that "**the parties may supplement the record with any documents they determine are relevant to the issues before the Court**." (Doc. 33).

8. Respondents complied with the Court's order by providing a copy of the appendix to Petitioner's counsel, Mr. McClain, on August 8, 2016. (Doc. 34).

9. Petitioner also filed a motion to stay

3

proceedings pending the outcome of the Florida Supreme court's decision regarding the availability of collateral remedies for claims arising in the wake of the *Hurst v. Florida*, 136 S. Ct. 616 (2016), ruling. (Doc. 32). Petitioner's motion to stay was granted. (Doc. 33).

10.   On September 11, 2018, Respondents filed a Motion to Proceed, advising that Petitioner never sought *Hurst* relief in state court and the time for doing so had expired, so there was valid reason for the case to continue to be stayed. (Doc. 39). Respondents, therefore, requested that the Court proceed with the disposition of the petition for writ of habeas corpus. (Doc. 39).

11.   Petitioner filed a response to the motion to proceed agreeing that there was no longer a reason to hold the case in abeyance, but he asked for thirty days to file a reply to the Respondents' answer that was filed in 2016. (Doc. 40).

12.   On October 19, 2018, this Court entered an order granting Respondents' motion to proceed and ordering that "[n]o later than December 14, 2018, Moore shall file a reply to the Respondents' Answer to his Amended Petition

4

(Doc. 26). Thereafter, the Court will consider this case ripe for adjudication." (Doc. 41).

13. On December 9, 2018, Petitioner filed a motion for extension of time requesting that his new deadline for the answer be January 29, 2018. (Doc. 43).

14. This Court granted his motion, giving him until January 29, 2019, to file his reply. (Doc. 44).

15. Petitioner never filed his reply on January 29, 2019.

16. On February 5, 2019, this Court entered an order that Petitioner has failed to timely file a reply. The order compelled Petitioner to either file a reply or notify the Court that he does not intend to reply by March 4, 2019. (Doc. 45).

17. On March 4, 2019, Petitioner filed a motion for "brief extension of time." (Doc. 46).

18. This Court granted the motion and gave Petitioner until March 9, 2019, to file his reply. (Doc. 47).

19. On March 8, 2019, Petitioner finally filed his reply. (Doc. 48). However, he also filed a notice stating that the reply he filed was unfinished. (Doc. 49). Petitioner blamed Respondents and Respondents' exhibits

5

(that were served to him in 2016) for the reason why he could not finish his reply in a timely manner. (Doc. 49).

20. Next, on March 21, 2019, Petitioner filed a motion requiring that Respondents' be ordered to file legible exhibits or that Petitioner's counsel be authorized to scan and file the fully paginated state court records on appeal. (Doc. 50).

21. From the outset, Respondents advise that they strongly object to any further extension being granted to Petitioner in order for him to file an amended reply to Respondents' answer filed more than three years ago.

22. Petitioner delayed the instant action for years due to his request to stay the proceedings based on *Hurst*, even though Petitioner never sought *Hurst* relief in state court.

23. Once the case was reopened, he finally asked for the opportunity to file a reply, and this Court granted his motion.

24. He then sought additional time by requesting an extension, and once given to him, he violated this Court's order by not filing his reply within the permissible timeframe. He again asked for an additional "brief"

extension, which was generously granted, and Petitioner still did not comply with this Court's order because the reply he finally filed was allegedly not finished.

25.  While Petitioner never asked for this Court's permission to file an amended reply or for an extension of time within which to file a "finished" reply, he notified the Court that he would continue working on the reply through the weekend in an effort to finish it. (Doc. 49). An additional thirteen days have passed, and Petitioner still has not filed his "finished" reply.

26.  Notably, **186 days have passed since Petitioner first requested the opportunity to file a reply**.

27.  There is absolutely no reason for further delay of this action. Respondents, therefore, object to any additional filing of a reply by Petitioner. Respondents further request that this Court consider this case "ripe for adjudication" as outlined in its October 19, 2018, order. (Doc. 41).

28.  Respondents also object to Petitioner's motion filed on March 21, 2019, as his meritless motion is simply another delay tactic. (Doc. 50).

29.  The exhibits at issue from Respondents' appendix

were provided to Petitioner on August 9, 2016. (Doc. 34). **Petitioner, therefore, has had these documents, and the opportunity to challenge them, for 956 days.**

30.  It is further worth noting that many of Petitioner's complaints appear to be about how the state court clerk compiled these appellate records, and he further alleges that the color of the paper used by the clerk was not conducive to making copies. **Significantly, these are all state appellate court records that Petitioner already has.** While Petitioner may contend that he has difficulty reading some of the copies from Respondents' appendix, he certainly has the ability to compare the records against his own records that have not been replicated.

31.  Petitioner cannot control how the state court clerk compiled the records, and it is further the duty of the clerk of the court, not the State, to provide a copy of the record upon request. *See* 28 U.S.C. § 2250; *Heredia v. Sec'y, Florida Dept. of Corr.*, 566 Fed. Appx. 853, 857 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 2061 (2015) (finding no due process violation and explaining that "the

8

State was not constitutionally required to serve Heredia with the exhibits to its answer.").

32. Respondents have been forthcoming with Petitioner and have already served Petitioner with all of the exhibits at issue.

33. As this Court provided back in August of 2016, Petitioner had the opportunity "to supplement the record with any documents" determined to be relevant. (Doc. 33). Thus, if Petitioner was not satisfied with the exhibits provided in Respondents' appendix, he certainly had plenty of time to file his own supplement, especially given that all of the complained-about exhibits are documents that Petitioner already has.

34. Petitioner has been provided a considerable and prolonged amount of time to file his reply. The instant complaints lodged by Petitioner are untimely, unwarranted, and baseless and only serve to cause unnecessary delay.

**CONCLUSION**

WHEREFORE, Respondents respectfully request that this Honorable Court deny the motion for Respondents to file legible documents and issue an order (1) precluding Petitioner from filing any additional reply, and (2) considering this case ripe for adjudication.

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL

 /s/ Christina Z. Pacheco
Christina Z. Pacheco
Assistant Attorney General
Florida Bar No. 71300
Office of the Attorney General
3507 East Frontage Road, Suite 200
Tampa, Florida 33607-7013
Telephone: (813) 287-7910
Facsimile: (813) 281-5501
capapp@myfloridalegal.com [and]
Christina.pacheco@myfloridalegal.com

Counsel for Respondents

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of March 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Martin J. McClain, Esquire, McClain & McDermott, P.A., 141 N.W. 30th Street, Wilton Manors, Florida 3334, E-mail: **martymcclain@earthlink.net**.

                                          /s/ Christina Z. Pacheco
                                          CHRISTINA Z. PACHECO
                                          Assistant Attorney General