UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THOMAS JAMES MOORE,

    Petitioner,

v.                             CASE NO. 3:06-CV-00127-J-34
                                  DEATH PENALTY CASE

SECRETARY, DEPARTMENT
OF CORRECTIONS, ET AL.,

    Respondents.
_____/

## OBJECTION TO PAGE LIMITATION OF REPLY
## AND MOTION TO STRIKE PETITIONER'S REPLY

COME NOW the Respondents, Secretary, Department of Corrections, et. al., by and through the undersigned counsel, and file this objection and motion to strike Petitioner's reply to Respondents' answer to amended petition for writ of habeas corpus, and as grounds therefor, Respondents hereby state the following:

1. Petitioner first asked this Court for leave to file a reply to Respondents' answer nearly ten months ago. (Doc. 40).

2. Since the Court granted Petitioner's request, he has repeatedly disregarded this Court's deadlines. (Docs. 45, 49, 53, 58).

3. On March 8, 2019, Petitioner filed a reply that was eighty-five pages long (Doc. 48), although he complained that he was unable to finish his reply in time and blamed Respondents for issues that he was allegedly having trouble reading the record.

4. Petitioner filed his supplemental records in May 2019 (Docs. 54, 55, 56, 57). He did not file his "completed" 185-page-long reply until July 9, 2019. (Doc. 59).

5. Respondents object to Petitioner's reply totaling 185 pages in length.

6. Petitioner's reply is not only improper because of its excessive length, but it is also improper because of its content.

7. Instead of merely responding to Respondents' answer to the petition for writ of habeas corpus, Petitioner used his reply as an opportunity to enhance his own arguments by adding new arguments that were not originally included within his petition, such as his 26-page "cause and prejudice" argument (beginning on page 79) that was not addressed in his petition for writ of habeas corpus.

2

8.   Petitioner should not be permitted to use a reply as an opportunity to include new claims or arguments not previously raised.

9.   On a final note, it is worth mentioning that upon briefly comparing Petitioner's "incomplete" reply filed four months ago (Doc. 48) with his latest filing (Doc. 59), there does not appear to be any valid reason for his extreme delay in filing his finished reply other than his attempt to have more time to write an unnecessarily long and improper pleading.

For all these reasons, Respondents respectfully request that this Court strike Petitioner's reply.

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL

 /s/ Christina Z. Pacheco
Christina Z. Pacheco
Assistant Attorney General
Florida Bar No. 71300
Office of the Attorney General
3507 East Frontage Road, Suite 200
Tampa, Florida 33607-7013
Telephone: (813) 287-7910
Facsimile: (813) 281-5501
capapp@myfloridalegal.com [and]
Christina.pacheco@myfloridalegal.com

Counsel for Respondents

3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of July 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Martin J. McClain, Esquire, McClain & McDermott, P.A., 141 N.W. 30th Street, Wilton Manors, Florida 3334, E-mail: **martymcclain@earthlink.net**.

                                           /s/ Christina Z. Pacheco
                                           CHRISTINA Z. PACHECO
                                           Assistant Attorney General