UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THOMAS JAMES MOORE,

    Petitioner,

v.                                              Case No. 3:06-cv-127-MMH

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.

## ORDER

This cause is before the Court on Respondents' Motion for Reconsideration (Motion; Doc. 67) of the Order appointing the Capital Habeas Unit for the Middle District of Florida (CHU) to represent Petitioner Thomas James Moore (Order; Doc. 66). Moore filed a Response (Response; Doc. 69) to Respondents' Motion for Reconsideration.

On March 28, 2022, Moore, by and through CHU, filed a Motion to Substitute Counsel (Doc. 65), asking the Court to substitute the CHU as his counsel in these proceedings because his former counsel, Martin McClain, had died. Respondents did not file a response. On April 13, 2022, after expiration

of the opposition time,[1] the Court granted Moore's Motion to Substitute Counsel. See generally Order.

Respondents move for reconsideration of the Court's Order. See generally Motion. Respondents initially contend CHU did not confer with them before filing the Motion to Substitute Counsel in violation of Middle District of Florida Local Rule 3.01(g). Id. at 2. According to Respondents, in his Motion to Substitute Counsel, Moore offered no explanation as to why CHU's representation is necessary, and why Moore cannot obtain adequate representation. Id. Respondents assert Capital Collateral Regional Counsel (CCRC) should represent Moore, and note that on April 1, 2022, CCRC filed a motion in state circuit court to be appointed as substitute state postconviction counsel. Id. at 4. According to Respondents, if the state circuit court grants the motion, Moore would not be entitled to dual representation by CHU and CCRC. Id. They further assert that "Florida state law provides Moore with adequate representation through CCRC, and he is not entitled to substitute this counsel with federally-funded CHU counsel." Id. at 5. In his Response, Moore argues Respondents filed an untimely objection. Response at 3-4. He also asserts Respondents do not have standing to object to his Motion to Substitute

---

[1] See M.D. Fla. Loc. R. 3.01(c).

2

Counsel; do not meet the standard for reconsideration; and apply the incorrect standards for the appointment of federal counsel. Id. at 2-3, 4-11.

Respondents fail to identity the Federal Rule of Civil Procedure under which they file the instant Motion. However, the Court will consider the Motion pursuant to Federal Rule of Civil Procedure 59(e) because Respondents filed their Motion two days after entry of the Order.[2] A motion to alter or amend a judgment may be filed pursuant to Rule 59(e).[3] This Rule affords the Court discretion to reconsider an order which it has entered. See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992). "The only grounds for granting a Rule 59 motion are newly[] discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct

---

[2] See Rule 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

[3] The Federal Rules of Civil Procedure do not specifically provide for the filing of a motion for reconsideration. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Controlled Semiconductor, Inc. v. Control Systemation, Inc., No. 6:07-cv-1742-Orl-31KRS, 2008 WL 4459085, at *1 (M.D. Fla. Oct. 1, 2008). It is widely recognized, however, that Rule 59(e) (which governs motions "to alter or amend a judgment") encompasses motions for reconsideration. Controlled Semiconductor, Inc., 2008 WL 4459085, at *1 (citing 11 Charles Alan Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice and Procedure 2d § 2810.1 (2007)).

clear error or manifest injustice." Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999). The purpose of Rule 59 is not to ask the Court to "reexamine an unfavorable ruling" in the absence of a manifest error of law or fact. Jacobs v. Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). As such, Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005). Additionally, motions to alter or amend "should not be used to raise arguments which could, and should, have been made before the judgment was issued." O'Neal, 958 F.2d at 1047 (quotations and citations omitted).

In the instant Motion, Respondents raise arguments that should have been made before the Court granted Moore's Motion to Substitute Counsel. Although Respondents contend CHU did not confer with them before filing the Motion to Substitute Counsel, CHU's failure to confer does not excuse Respondents' failure to file a timely response. Respondents cannot now use their Motion for Reconsideration to raise arguments that should have been included in such a response. Id.

4

Regardless, Respondents' Motion is unavailing. Respondents argue Moore has not demonstrated a need for appointment of counsel; however, in Case Numbers 3:03-cv-642-HLA and 3:04-mc-41-HES,[4] the Court granted Moore's motion and renewed motion for appointment of counsel, finding Moore was entitled to the appointment of counsel. In the latter case, the Court noted Moore would need to initiate a new action when he filed his federal petition for writ of habeas corpus. That is what he has done in this case. Therefore, Moore is entitled to the appointment of counsel.

To the extent Respondents assert CHU cannot represent Moore because CCRC will likely represent Moore in state court, Respondents misunderstand the Court's Order. The Court appointed CHU to represent Moore in his federal habeas proceeding. CHU did not ask permission, and the Court did not grant permission, for CHU to represent Moore in state court proceedings. Thus, Respondents have not asserted viable grounds to warrant the Court's reconsideration of its Order, and the Motion is due to be denied.

---

[4] The Court takes judicial notice of the documents in the case files in Case Numbers 3:03-cv-642-HLA and 3:04-mc-41-HES. The Court dismissed without prejudice Case Number 3:03-cv-642-HLA because Moore had prematurely filed the case. Doc. 4.

The Court cautions the parties that in all future filings, the Court expects all parties to comply with the Court's orders and its Local Rules.

Therefore, it is now **ORDERED AND ADJUDGED** that Respondents' Motion to Reconsider Order Appointing the Capital Habeas Unit (Doc. 67) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of May, 2022.

MARCIA MORALES HOWARD
United States District Judge

Jax-9
C:   Counsel of record